**Robert Delvin HUBBARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56781.**

Court of Criminal Appeals of Texas, En Banc.

April 25, 1979.

W. John Allison, Jr., on appeal only, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John Tatum, Hugh Lucas and John Ovard, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted by a jury for the offense of aggravated robbery. The jury found that appellant had two prior felony convictions, and the court, pursuant to V.T.C.A., Penal Code, Sec. 12.42(d), assessed punishment at life imprisonment.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is frivolous and without merit. We do not agree, but instead perceive unassigned error which must be considered in

the interest of justice.[1] See Art. 40.09(13), Vernon's Ann.C.C.P.

Appellant was charged with having committed aggravated robbery by use of a deadly weapon.[2] The record reflects that appellant's co-defendant and cousin, Jerry Wayne Hubbard, entered a drug store, produced a butcher knife, placed it at the throat of a female employee, and demanded the money in the store's safe and cash register. He was alone during the robbery and he left alone after receiving the money. He then got into a nearby automobile occupied by two other people. Two witnesses observed the car and transmitted its description and license number to the police.

Shortly thereafter, the car became the object of police pursuit, and, after a high speed chase, it collided into a tree and stopped. In the car were Jerry Wayne Hubbard, a woman, appellant (who was driving), a butcher knife and the money taken in the robbery.

In *Harris v. State*, 562 S.W.2d 463 (Tex. Cr.App.1978),[3] the defendant—like appellant in this case—was charged with committing aggravated robbery by use of a deadly weapon, namely, a knife. In that case, however, neither the victim nor the witness saw a knife, and the injuries were not considered serious enough, by either the victim or the investigating officer, to require medical attention. The police-officer witness in *Harris* was unable to say which of the parties to the offense brandished the weapon, nor was he able to state what kind of weapon was used.

In contrast with *Harris*, the knife used in this case by Jerry Wayne Hubbard was described by the State's witnesses as a "butcher knife" and a "long-bladed knife." When Jerry Wayne Hubbard testified for the appellant, he stated on cross-examination that the knife had a blade five or six inches long. He admitted that he had placed the knife against the employee's throat and had told her that "I'd cut her throat."

■ The facts of this case are thus distinguishable from those in *Harris*. And see *Danzig v. State*, 546 S.W.2d 299 (Tex.Cr. App.1977). As we pointed out in *Harris* and *Danzig*, a knife is not a deadly weapon per se; therefore, we look to its use and intended use to determine whether it is a deadly weapon. V.T.C.A., Penal Code, Sec. 1.07(a)(11). See also *Mosley v. State*, 545 S.W.2d 144 (Tex.Cr.App.1977). It follows that "whether opinion evidence, if any, is necessary, and whether lay or expert opinion is required in proving that a knife is a deadly weapon, is going to depend upon a case-by-case analysis of the evidence." *Denham v. State*, 574 S.W.2d 129 (Tex.Cr. App.1978); (concurring opinion of Tom G. Davis, Judge).

■ In the case before us, we conclude from the evidence that the manner of the weapon's use and intended use was such as to allow the jury to infer that the weapon was deadly.

Accordingly, the judgment is affirmed.

DOUGLAS, J., concurs in the result.

---

1. We see no benefit in abating this appeal to allow counsel to search the record and prepare another brief in this case. *Cf. Huggins v. State*, 538 S.W.2d 136, 137 (Tex.Cr.App.1976). Counsel's brief shows that he made a thorough examination of the record and a conscientious effort to discover error. See note 3, infra.

2. See V.T.C.A., Penal Code, Sec. 29.03(a)(2).

3. We observe that *Harris* was decided over three months after appellant's court-appointed counsel filed his brief in the trial court. See note 1, supra.