**Kevin Douglas DOMINIQUE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Kelvin MIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 58973, 58974.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 7, 1980.

Riley J. Simpson, Copperas Cove, for Dominique.

Tom C. Oberst, Copperas Cove, for Mims.

Bobby L. Cummings, Dist. Atty., Gatesville, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

These are appeals from convictions for aggravated robbery. The jury assessed punishment for appellant Dominique at five years and for appellant Mims at ten years.

Both appellants challenge the sufficiency of the evidence to prove the allegation that they used and exhibited a deadly weapon. Ellis Fairchild, a security supervisor at the Gatesville School for Boys, testified that he had transported a number of boys from one of the Gatesville units to the infirmary. He was returning four of the boys, including the appellants, to their unit in a van when one, a boy named Tim Hansen, grabbed him around the neck. Fairchild felt a sharp instrument at his throat and heard Hansen say, "Give it to me or I'll kill you." Two in the back said, "If you will drag him back here we will take care of him." Fairchild managed to slip out of Hansen's grasp and get out of the van. He tried to reach back

in and grab the keys but Hansen was swinging the sharp instrument at him. Fairchild's injuries were a scratch on his throat and cuts on his right hand and bicep. Fairchild also identified Mims and Dominique as participants in the robbery. He was unable to identify the sharp instrument. Hansen testified for the State that the sharp instrument was a pair of suture scissors.

 In *Hubbard v. State*, 579 S.W.2d 930 (Tex.Cr.App.1979), we held that one must look to the weapon's use and intended use to determine if it is a deadly weapon. In *Denham v. State*, 574 S.W.2d 129 (Tex.Cr. App.1978), we held that the nature of the inflicted wounds is a factor to be considered but that wounds are not a necessary prerequisite for an object to be a deadly weapon. We also held in *Denham* that the victim, as a lay witness, could testify to the nature of the weapon. The most important criteria was the manner in which the weapon was used. We hold that holding the sharp object to Fairchild's neck accompanied by a threat to kill and, later, slashing motions with that instrument is sufficient evidence to sustain a finding that the scissors, in the manner of their intended use, constituted a deadly weapon.

In their second ground, appellants complain of the trial court's refusal, after proper request, to submit an instruction to the jury to consider the wounds inflicted to determine the character of the weapon. As we noted above, the extent of injury is merely a factor to be considered, not a necessary prerequisite. *Denham v. State*, supra. "Deadly weapon" was defined to the jury as:

> "'Deadly Weapon' means, (a) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (b) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

In *Plunkett v. State*, 580 S.W.2d 815 (Tex.Cr.App.1979), we held that it was not error for a trial court to refuse to submit a charge that singled out limited parts of the evidence. To do so here would invite the jury to acquit because the wounds were not serious. There is no reversible error.

The judgment is affirmed.