Alex Joseph BELLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 63273.

Court of Criminal Appeals of Texas, Panel No. 3.

July 21, 1982.

Philip S. Ross, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Michael C. Kuhn, and Antonio Balderas, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCOR-MICK, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of aggravated assault; the punishment is imprisonment for eight years.

The appellant urges that the evidence is insufficient to support the jury's verdict. It was alleged that the appellant did "intentionally and knowingly threaten imminent bodily injury to Robert Rollo, Jr. with the use of a deadly weapon, namely, a knife."

The appellant asserts the evidence is insufficient because the State failed to prove the knife allegedly used was a deadly weapon. A knife is not a deadly weapon per se, *Limuel v. State*, 568 S.W.2d 309 (Tex.Cr.App.1978); *Windham v. State*, 530 S.W.2d 111 (Tex.Cr.App.1975); therefore, there must be proof that the knife was a deadly weapon. *Williams v. State*, 575 S.W.2d 30 (Tex.Cr.App.1979).

The complainant was a route salesman for a beer distributor; he thought the appellant had taken the ignition keys from the delivery truck, so he went into a washateria where the appellant was, and asked appellant to return the key. The complainant testified that after some words were exchanged, the appellant "reached by the side of his pants and he had a knife—about this time [appellant] pulled a knife and started to hit me in the face and kick me in the groin and swing the knife in my face." The complainant and his helper ran into a nearby convenience store shouting for weapons to defend themselves. The appellant came to the door of the convenience store and then left.

Dorothy Fornier who was employed at the convenience store in which the complainant and his helper took refuge testified she saw in the appellant's hand, "the end of a blade. The end of something—sharp—I saw a sharp object in his hand." She said it shined and it could have been a knife. On cross-examination she said appellant had something in his hand she didn't know what it was.

The complainant's helper was not called as a witness. No other testimony concerning the knife was offered. Neither the complainant nor his helper were cut. The knife was not offered in evidence and there is no testimony describing the knife or its size. The evidence is wholly insufficient to prove that the knife was a deadly weapon, therefore the judgment must be reversed.

*Hubbard v. State*, 579 S.W.2d 930 (Tex. Cr.App.1979) is cited and relied upon by the State; there the knife used was described as a "butcher knife", a "long bladed knife," the "knife had a blade five or six inches

long," and the knife had been placed against the complainant's throat and the defendant told her he would cut her throat. *Hart v. State*, 581 S.W.2d 675 (Tex.Cr.App. 1979); *Cruz v. State*, 576 S.W.2d 841 (Tex. Cr.App.1979); and *Williams v. State*, supra, also cited by the State are less support for its contention than is *Hubbard v. State*, supra.

The judgment is reversed and the cause is remanded.

McCORMICK, J., dissents.

ODOM, Judge, concurring.

I concur in the majority's reasoning and conclusion that the evidence presented at trial is insufficient to prove the knife was a deadly weapon under V.T.C.A., Penal Code Sec. 1.07(a)(11). I cannot agree, however, that this conclusion supports the disposition of reversal and remand.

Under the evidence presented the only verdict a jury could properly have returned was not guilty. Under *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15, the proper disposition of this appeal is to order entry of a judgment of acquittal.