Quillin & Thompson, Larry M. Thompson, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and V. Paul Dickson, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

OPINION

ASHWORTH, Justice.

This is an appeal from a conviction for aggravated sexual assault. TEX. PENAL CODE ANN. sec. 22.021 (Vernon Supp. 1986). The jury assessed punishment at sixty-five years imprisonment.

We affirm.

In his sole ground of error, appellant challenges the sufficiency of the evidence on the issue of whether or not a pair of scissors was used as a deadly weapon.

**Orlando Craig GREEN, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–85–203–CR.

Court of Appeals of Texas, Fort Worth.

March 19, 1986.

The complainant, K.D.K., testified that she returned to her home at approximately 12:00 a.m. on May 17, 1984. As she approached her front door, K.D.K. saw appellant coming towards her and motioning for her to be quiet. Appellant grabbed K.D.K., told her to shut up, to do exactly what he said or else he would kill her, and that he had a gun. Appellant forced his way into K.D.K.'s home and removed a pair of scissors from a kitchen drawer. K.D.K.

testified that appellant held the scissors to her throat and said that he would kill her.

After stealing various items from the house, appellant told K.D.K. to pull down her pants. She resisted, so appellant grabbed her by the throat and held the scissors against her and said, "[y]ou do what I say or I'm going to kill you right here." Appellant then raped her.

K.D.K. testified that she believed that the scissors were capable of hurting her, killing her, or causing her serious bodily injury. A pair of scissors found in appellant's car were admitted into evidence following testimony that such scissors were similar to the ones used in the assault.

A deadly weapon is defined as a firearm or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. sec. 1.07(a)(11) (Vernon 1974). Since a pair of scissors is not a firearm, its classification as a deadly weapon must be made based upon its use or intended use. *See Hubbard v. State,* 579 S.W.2d 930, 931 (Tex.Crim.App.1979). In *Dominique v. State,* 598 S.W.2d 285, 286 (Tex.Crim.App. 1980), the defendant's accomplice had wielded a pair of scissors as a weapon. The Court of Criminal Appeals affirmed the aggravated robbery conviction, saying:

> We hold that holding the sharp object to Fairchild's neck accompanied by a threat to kill and, later, slashing motions with that instrument is sufficient evidence to sustain a finding that the scissors, in the manner of their intended use, constituted a deadly weapon.

*Id.* at 286.

The only difference between the instant case and *Dominique* is that K.D.K. did not testify that appellant made any slashing motions but did testify that she was in fear for her life. We find these differences insignificant, and hold that the scissors in the instant case were used as a deadly weapon. Appellant's ground of error is overruled.

Judgment affirmed.