COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

JESUS
MENDOZA MARIN,                               )                    No. 
08-00-00344-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      243rd District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                      (TC# 20000D00493)

 

O
P I N I O N

 

Jesus
Mendoza Marin appeals his conviction for aggravated assault with a deadly
weapon on two counts.  Following a trial
and punishment phase by jury, Appellant was assessed five years= probation.  On appeal, he contends that the evidence is
legally insufficient to prove that he used or exhibited a deadly weapon.  We affirm.

FACTUAL SUMMARY 








On
the afternoon of November 17, 1999, Hermelinda
Enriquez was in the kitchen of her home at 710 South Mesa in El Paso, Texas
when she heard a noise coming from the bedroom window.  The noise sounded like someone was pulling on
the bars of the window.  Enriquez picked
up her infant granddaughter and went outside to take a look.  She saw a man pulling on the window bars and
asked him what was happening.  Enriquez
identified the man as Appellant. 
Appellant let go of the bars, bent over to look for something, and then
began using foul language.  He picked up
a water meter cover and threw it at Enriquez. 
Enriquez described the cover as Around@ and Aheavy,@ with a thickness of about
three-quarters of an inch. She testified that the water meter cover did not hit
her but Awent by
real close.@  Appellant stood four or five meters away from
her when he threw the object, but Enriquez did not see where it first landed
before it rolled by her.  Enriquez began
walking away quickly when the man picked up a bottle and threw it at her,
almost touching her back.  Enriquez did
not see him throw the bottle, but watched it come down and shatter on the
ground.  The bottle was quart-sized.  She felt scared and Appellant
continued using foul language as he approached her.  Enriquez then ran to her sister=s home nearby.  She saw her niece, Alejandra
Caldera, come out of the home and told her to call the police.  

Caldera
observed Appellant throw the water meter cover and a quart-sized beer bottle
directly at her aunt.  She described the
water meter cover as Athick@ and explained that Appellant had used
both hands to throw it.  She also
testified that Appellant threw the beer bottle with an overhand motion and it
traveled as high as her head.  It
appeared to Caldera that Appellant intentionally threw the cover and the bottle
at Enriquez.  Caldera observed that
Enriquez was very frightened as she approached the house.

Officer
Moises David Avila arrived on the scene.  Officer Avila obtained a description of
Appellant and began to search for him. 
He was apprehended two blocks from the incident.  When Officer Avila attempted to detain him,
Appellant became very uncomfortable and agitated.  After a struggle, Appellant was taken into
custody.   








After
the State rested at trial, Appellant unsuccessfully moved for a directed
verdict.  The jury found him guilty of
two counts of aggravated assault with a deadly weapon.[1]  Punishment was assessed at five years in the
Institutional Division of the Texas Department of Criminal Justice probated for
five years of community supervision. 
This appeal follows.  

LEGAL SUFFICIENCY

In
his sole point of error, Appellant claims the evidence is legally insufficient
to prove that the water meter and bottle he used against the victim were deadly
weapons.  

Standard of Review








In
determining the legal sufficiency of the evidence used to support a criminal
conviction, we view the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781,
2788-89, 61 L.Ed.2d 560, 573 (1979); Geesa
v. State, 820 S.W.2d 154, 156-57 (Tex.Crim.App.
1991), overruled on other grounds, Paulson v. State, 28 S.W.3d
570 (Tex.Crim.App. 2000); Hernandez v. State,
946 S.W.2d 108, 110-11 (Tex.App.--El Paso 1997, no
pet.).  We do not resolve
conflicts of fact or assign credibility to witnesses, as it is the function of
the trier of fact to accept or reject any, part, or
all of any witness=s
testimony.  See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Lucero v. State, 915 S.W.2d
612, 614 (Tex.App.--El Paso 1996, pet. ref=d).  We determine only if the explicit and
implicit findings of the trier of fact are rational
by viewing all the evidence in a light most favorable to the verdict.  See Lucero, 915
S.W.2d at 614.  Any
inconsistencies in the evidence are resolved in favor of the verdict.  Id. 
If we sustain a legal sufficiency challenge, we must render a judgment
of acquittal.  Clewis v. State, 922
S.W.2d 126, 133 (Tex.Crim.App. 1996).

Deadly Weapon

A
deadly weapon is defined in the Texas Penal Code as Aanything
that in the manner of its use or intended use is capable of causing death or
serious bodily injury.@  Tex.Pen.Code
Ann. ' 1.07(a)(17)(B)(Vernon 1994). 
The record reveals that Appellant used a glass bottle and a water meter
cover during the commission of the offense. 
Appellant claims that the State failed to prove that the two weapons
were capable of causing death or serious bodily injury.  We disagree. 
The evidence was sufficient to support a rational jury=s finding that Appellant used a weapon
in the commission of the offense of aggravated assault.[2]








  Items that are not deadly weapons per se
may be deemed deadly weapons by reason of their use or intended use.  Hill v. State, 913
S.W.2d 581, 582 (Tex.Crim.App. 1996).  Their use or intended use must be capable of
causing death or serious bodily injury.  Id.  This determination is made on a case by case
basis.  To meet its burden, the State
need not have introduced the objects into evidence.  See Jackson v. State, 913 S.W.2d 695,
698 (Tex.App.--Texarkana 1995, no pet.), citing
Victor v. State, 
874 S.W.2d 748, 751 (Tex.App.--Houston
[1st Dist.] 1994, pet. ref=d).   Moreover, the victim need not have been
struck or wounded to justify an affirmative finding.  See Dominique v. State, 598 S.W.2d 285, 286 (Tex.Crim.App.
1980).  When serious bodily injury is not
shown, the court must look to the manner of the weapon=s
use or intended use, its size and shape, and its capacity to produce serious
bodily injury to determine whether it was a deadly weapon.  See Hicks v. State, 837
S.W.2d 686, 690 (Tex.App.--Houston [1st Dist.]
1992, no pet.)(where court determined that knife used
in offense was deadly weapon).  

Analysis of the Evidence








The
testimony by the victim and Caldera was sufficient to establish that Appellant
had a water meter cover and a glass bottle in his possession and used them with
intent to cause bodily injury.  He threw
the objects at Enriquez, who stood a mere four or five meters
away from him.  The water meter cover was
described as Around,@ Aheavy,@ and three-quarters of an inch
thick.  The glass bottle was described as
quart-sized.  Whether Appellant threw the
objects in an overhand or underhand motion, they were thrown through the air in
Enriquez=s
direction, causing her to become afraid. 
Objects of this size are capable of causing serious bodily injury when
thrown in the air directly at another individual.  Appellant claims that there was no evidence
that either the water meter cover or the bottle actually touched the victim or
that she feared for her life.  The State
was not required to demonstrate that the objects struck Enriquez and there was
sufficient evidence that she feared for her life.  Enriquez testified she was afraid and that
Appellant used foul language as he approached her.  She began to run away.  Caldera noticed that Enriquez looked very
frightened as she approached.  While
Appellant points to some of the inconsistencies in the victim=s description of whether or not she saw
Appellant throw the water meter or the glass bottle, it was for the trier of fact to decide whether the victim=s testimony was credible.  Accordingly, we conclude the evidence was
legally sufficient to support the trial court=s
judgment.  Appellant=s sole point is overruled and the
judgment of the trial court is affirmed.

 

 

August 15, 2002

                                                                          

ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]  The indictment
states in relevant part:

 

Jesus Mendoza Marin, hereinafter referred to as
Defendant,

 

PARAGRAPH A

did then and there intentionally and knowingly
threaten HERMELINDA ENRIQUEZ with imminent bodily injury and did then and there
use and exhibit a deadly weapon during the commission of said assault, to-wit:
a water meter cover, that in the manner of its use and intended use was capable
of causing death and serious bodily injury, 

And it is further presented that the said Defendant
used and exhibited a deadly weapon, to-wit: 
a water meter cover, during the commission of and immediate flight from
said offense,

 

PARAGRAPH B

did then and there intentionally and knowingly
threaten HERMELINDA ENRIQUEZ with imminent bodily injury and did then and there
use and exhibit a deadly weapon during the commission of said assault, to-wit:
a glass bottle, that in the manner of its use and intended use was capable of
causing death and serious bodily injury, 

And it is further presented that the said Defendant
used and exhibited a deadly weapon, to-wit: 
a glass bottle, during the commission of and immediate flight from said
offense, 

AGAINST THE PEACE AND DIGNITY OF THE STATE.





[2]  The jury
instruction provided:

 

Our law provides that a person commits an assault if
the person intentionally or knowingly threatens another with imminent bodily
injury, including the person=s spouse.

 

A person commits AGGRAVATED ASSAULT if the person
commits an assault, as defined above, and uses or exhibits a deadly weapon
during the commission of the assault.

 

The term >bodily
injury= means physical pain, illness, or any impairment of
physical condition.  

 

The term >serious
bodily injury= means bodily injury that creates a substantial risk
of death or that causes death, serious permanent disfigurement, or protracted
loss or impairment of the function of any bodily member or organ.

The term Adeadly
weapon@ means:

 

(a) a firearm or anything manifestly designed, made,
or adapted for the purpose of inflicting death or serious bodily injury; or 

 

(b) anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury.