COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-284-CR

 

 

DORA EMILIA GARZA                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

Dora Emilia Garza appeals
from her conviction for aggravated assault with a deadly weapon.  In two points, appellant argues that the
evidence is legally and factually insufficient to show that she used or
exhibited a deadly weapon during the assault. 
The State concedes that the evidence is factually insufficient to
support a deadly weapon finding but argues that it is legally sufficient.  We reverse and remand.








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt.[2]

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party.[3]
We then ask whether the evidence supporting the conviction, although legally
sufficient, is nevertheless so weak that the fact-finder=s determination is clearly wrong and manifestly unjust or whether
conflicting evidence so greatly outweighs the evidence supporting the
conviction that the fact-finder=s determination is manifestly unjust.[4]   








A knife is not a deadly
weapon per se,[5]
but it may be a deadly weapon if in the manner of its use or intended use it is
capable of causing death or serious bodily injury.[6]  ASerious bodily injury@ means bodily injury that creates a substantial risk of death or that
causes death, serious permanent disfigurement, or protracted loss or impairment
of the function of any bodily member or organ.[7]  Factors considered in determining whether a
knife is capable of causing death or serious bodily injury include the physical
proximity of the parties, the threats or words used by the defendant, the size,
shape, and sharpness of the weapon, the manner in which the defendant used the
weapon, and the wounds inflicted on the victim.[8]  Expert testimony generally is not required,[9]  and the actual knife used during the
commission of the offense need not be introduced into evidence if a witness is
able to testify about the knife and the manner in which it was used.[10]








In this case, the evidence shows as follows:

At 1:00 a.m.
on May 14, 2005, Bianca Vasquez drove herself and Mariana Vidana, the victim,
from their friend Victor=s house to a
Jack-in-the-Box restaurant.  When Bianca
attempted to back out of the house=s driveway, appellant, an acquaintance of Mariana=s, stood in the middle of the street and blocked their progress.  Mariana noticed that appellant had a knife Alike a pocketknife@ in her hand and was Aplaying around@ with
it.  Mariana did not feel threatened,
because she Adidn=t have a problem@ with
appellant and did not see any reason why appellant would wave a knife at
her.  Appellant eventually moved at
Bianca=s request, and Bianca drove off. 
When Bianca stopped at a stoplight, however, appellant got out of the
car behind Bianca=s and ran
towards Bianca=s car.  Mariana did not see a knife in appellant=s hand, and Bianca drove off just as appellant reached the back
passenger door of their car. 








When Bianca
entered the Jack-in-the-Box parking lot, the vehicle that had been at the
stoplight pulled in front of Bianca=s car and blocked her forward progress.  A girl named Evelyn got out of the car, went
to Mariana=s open
passenger window, and began punching her in the face.  Mariana blocked Evelyn=s punches with her hands.  She
testified that she was scared when Bianca=s car was blocked in and then angry because Evelyn had punched her.         Appellant then moved Evelyn out of the
way and began stabbing Mariana with a pocketknife.  After attempting unsuccessfully to roll up
her window, Mariana leaned towards the driver=s side of the vehicle in order to avoid being stabbed, thereby
exposing her right leg.  Bianca was
eventually able to drive off, but not before Mariana had been stabbed five
times in her right leg and once in her right arm.  During the assault, appellant and Evelyn also
swore at and hit Mariana with their fists, and Anthony Loya, another friend of
appellant=s, held
Mariana=s car door shut so she could not escape the stabbing.  Mariana testified that she Afelt the biggest [of the wounds]; I just felt it go through me.@  She further testified that the
wounds caused her pain. 

Mariana called her mother,
who took her to the hospital for medical treatment.  Police corporal Seth Archer went to the
hospital in response to the stabbing report and interviewed Mariana.  Corporal Archer testified that Mariana had
one main stab wound on her right thigh, as well as four or five other stab
wounds.  He further testified that he had
seen at least fifty other stabbing victims and that he Adefinitely wouldn=t call the one major wound superficial@ because A[i]t looked
like it hurt pretty bad.@ 








Mariana=s hospital records were also admitted into evidence.  The records state that Mariana=s wounds were superficial and that she was suffering mild or moderate
pain (4 on a scale of 1-10) and mild distress. 
The bleeding was controlled with a 4x4 ace bandage, but three of the
wounds required stitches.  Mariana was
given pain medication and excused from physical activity for two weeks. 

There is no evidence that
appellant=s stabbing
of Mariana caused her serious bodily injury, i.e., that the wounds inflicted
created a substantial risk of death, serious permanent disfigurement, or
protracted loss or impairment of the function of any bodily member or organ.[11]  Nonetheless, the knife was obviously sharp
because appellant stabbed Mariana with it repeatedly, and three of the wounds
required stitches.  Thus, the jury
reasonably could have inferred that the knife was capable of causing
serious bodily injury, particularly to vulnerable parts of the body, such as
the neck and face.[12]








Further, appellant attacked
Mariana with the knife at close range while her friend prevented Mariana from
getting out of the car.  Although
appellant did not stab Mariana in the neck or face, there is evidence that this
was at least partially due to the fact that Mariana covered her face with her
hands to protect it and leaned as far away from appellant as possible.  The assault ended only when Bianca was able
to drive off.








An intent to inflict serious
bodily injury or death may be shown by evidence of the attacker=s assertive conduct.[13]  Thus, the jury reasonably could have inferred
from appellant=s assertive
conduct that she intended to inflict serious bodily injury on Mariana, even if
she did not succeed in doing so.[14]
Accordingly, viewing all the evidence in the light most favorable to the
verdict, we hold that it is legally sufficient to support the jury=s finding that appellant used or exhibited a deadly weapon in
assaulting Mariana.[15]  Therefore, we overrule appellant=s first point.

We now turn to appellant=s factually sufficiency challenge. 
Even though the State has conceded that the evidence is factually
insufficient to support the jury=s deadly weapon finding, we cannot reverse and remand unless we
explain why the evidence is factually insufficient.[16]








Here, the knife was not
introduced into evidence, and Mariana could not describe it except to say that
it looked Alike a
pocketknife.@  Bianca never saw the knife.  Further, appellant did not verbally threaten
Mariana,[17]
and Mariana never testified that she feared that appellant would cause her
serious bodily injury or death.  Mariana
testified only that she felt Aafraid@ when the
car in which appellant was riding blocked Bianca=s car in the Jack-in-the-Box parking lot, and her hospital records
describe her distress as Amild.@  Finally, although Corporal
Archer opined that Mariana=s most serious wound was Adefinitely@ not
superficial, Mariana=s hospital
records state that her wounds were superficial and that they caused her only
mild or moderate pain.

Viewing all the evidence in a
neutral light, we hold that, although it is legally sufficient to support the
jury=s deadly weapon finding, it is nevertheless so weak that the finding
is clearly wrong and manifestly unjust.[18]  Therefore, we hold that the evidence is
factually insufficient to support the deadly weapon finding, and we sustain
appellant=s second
point.

Having sustained appellant=s second point, we reverse the trial court=s judgment and remand the case to the trial court for a new trial. 

PER CURIAM

 

PANEL
F:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:   June 28, 2007                                

 

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).





[3]Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).





[4]Watson, 204
S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).





[5]Thomas
v. State, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991).





[6]Tex. Penal Code Ann. '
1.07(a)(17)(B) (Vernon Supp. 2006).





[7]Id. ' 1.07(a)(46).





[8]Brown
v. State, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986);
Bailey v. State, 46 S.W.3d 487, 491-92 (Tex. App.CCorpus
Christi 2001, pet. ref=d); Garcia
v. State, 17 S.W.3d 1, 4-5 (Tex. App.CHouston [1st Dist.] 1999,
pet. ref=d).





[9]English
v. State, 647 S.W.2d 667, 669 (Tex. Crim. App. 1983).





[10]Morales
v. State, 633 S.W.2d 866, 868-69 (Tex. Crim. App. [Panel
Op.] 1982); Billey v. State, 895 S.W.2d 417, 420 (Tex. App.CAmarillo
1995, pet. ref=d).





[11]See Tex. Penal Code Ann. '
1.07(a)(46) (defining serious bodily injury to include these things).





[12]See
Denham v. State, 574 S.W.2d 129, 131 (Tex. Crim. App. 1978) (AAppellant
contends that a razor is not . . . a deadly weapon.  We are inclined to believe that all mankind
know that death can be inflicted by a razor in the hands of a grown man.@)
(quoting Acosta v. State, 77 Tex. Crim. 643, 179 S.W. 870, 871 (1915)); Johnson
v. State, 919 S.W.2d 473, 477 (Tex. App.CFort Worth 1996, pet. ref=d)
(holding that no serious bodily injury need be proven, but only the knife=s
capabilities and the defendant=s intent).  Appellant=s reliance on Danzig v.
State, 546 S.W.2d 299, 302 (Tex. Crim. App. 1977), is misplaced, because
the court of criminal appeals has overruled that opinion.  See Denham, 574 S.W.2d at 131.





[13]Johnson, 919
S.W.2d at 477; see Alvarez v. State, 566 S.W.2d 612, 614 (Tex. Crim.
App. [Panel Op.] 1978) (A[T]he
essential question is whether there is sufficient evidence to show that the
appellant used the knife or intended to use the knife in such a way that it was
capable of causing death or serious bodily injury.@)
(internal quotation marks omitted).





[14]See
Alvarez, 566 S.W.2d at 614; Johnson, 919 S.W.2d at
477.





[15]The
cases on which appellant relies are inapposite because none of the assailants
actually wounded the respective complainants with the knives at issue.  See Blain v. State, 647 S.W.2d 293,
294 (Tex. Crim. App. 1983); Beller v. State, 635 S.W.2d 739, 740 (Tex.
Crim. App. [Panel Op.] 1982); Turner v. State, 688 S.W.2d 698, 701 (Tex.
App.CHouston
[1st Dist.] 1985), vacated on other grounds, 720 S.W.2d 533 (Tex. Crim.
App. 1986).





[16]Goodman
v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); Johnson,
23 S.W.3d at 7. 





[17]Bianca
testified only that appellant Acussed@ at
Mariana.





[18]See
Watson, 204 S.W.3d at 414-15, 417; Johnson, 23 S.W.3d at 11.