Affirmed and Majority and Concurring Opinions filed December
2, 2010.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-01035-CR



 

Nelson Romero, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 23rd District
Court

Brazoria County, Texas

Trial Court Cause No. 58, 710



 

MAJORITY OPINION

 

Appellant Nelson Romero was indicted for the
third-degree felony of possessing a deadly weapon in a penal institution.  See
Tex. Penal Code Ann. § 46.10 (Vernon 2003).  A jury found him guilty as charged
in the indictment and assessed an enhanced punishment of imprisonment for 30
years.  See Tex. Penal Code Ann. § 12.42(d) (Vernon 2003).  We affirm.

BACKGROUND

Appellant participated in a prison fight with
multiple inmates on May 28, 2006.  During the fight, appellant was seen holding
at least one prison “shank,” which he allegedly used to stab several other
inmates.  Witnesses testified that appellant either disposed of the weapon
after the fight or turned it into prison officials, and the weapon was not
admitted into evidence at trial.  

The jury found appellant guilty as alleged in the
indictment.  The jury sentenced him to imprisonment for 30 years, based on two
prior felony convictions.  See Tex. Penal Code Ann. § 12.42(d).  The
trial court signed a judgment in conformity with the jury’s findings. 
Appellant appeals, challenging the legal and factual sufficiency of the
evidence supporting the jury’s finding that appellant’s weapon was deadly.

ANALYSIS

We address appellant’s sufficiency challenges under a
single standard for evaluating legal sufficiency of the evidence to support a finding
required to be proven beyond a reasonable doubt.  See Brooks v. State,
No. PD-0210-09, 2010 WL 3894613, at *8 (Tex. Crim. App. Oct. 6, 2010)
(plurality opinion) (appropriate standard of review for sufficiency of the
evidence considers “all evidence in the light most favorable to the verdict” to
determine whether a jury was “rationally justified in finding guilt beyond a
reasonable doubt”); id. at *15 (Cochran, J., concurring) (concluding
that a separate factual sufficiency standard no longer applies in criminal
cases).

I.         Applicable Law

A person commits an offense under section 46.10 of
the Texas Penal Code if, while confined in a penal institution, he
intentionally, knowingly or recklessly (1) carries on or about his person a
deadly weapon; or (2) possesses or conceals a deadly weapon in the penal
institution.  See Tex. Penal Code Ann. § 46.10.  To prove that appellant’s
weapon was deadly, the State must prove that the shank (1) was manifestly
designed, made, or adapted for the purpose of inflicting death or serious
bodily injury; or (2) is capable of causing death or serious bodily injury in
the manner of its use or intended use.   See Tex. Pen. Code Ann. §
1.07(a)(17) (Vernon 2003); Thomas v. State, 821 S.W.2d 616, 619 (Tex.
Crim. App. 1991); Brown v. State, 716 S.W.2d 939, 946 (Tex. Crim. App.
1986).  

To determine whether appellant’s shank was a deadly
weapon under the second definition, “capability” must be evaluated in light of
the facts that actually existed at the time of the offense.  Drichas v.
State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); Brown, 716 S.W.2d
at 946–47.  Factors that a jury may consider in determining whether an object
is a deadly weapon under this definition include (1) words of the accused; (2)
the intended use of the weapon; (3) the size and shape of the weapon; 
(4) testimony by the victim that he feared death or serious bodily injury; (5)
the severity of any wounds inflicted; (6) the manner in which the assailant
allegedly used the object; (7) physical proximity of the parties; and (8)
testimony as to the weapon’s potential for causing death or serious bodily
injury.  See Thomas, 821 S.W.2d at 619; Brown, 716 S.W.2d at
946–47.

Intent to inflict serious bodily injury or death may
be shown by evidence of assertive conduct by an attacker.  Johnson v. State,
919 S.W.2d 473, 477 (Tex. App.—Fort Worth 1996, pet. ref’d).  The nature of any
inflicted wounds is a factor to be considered, but wounds are not a prerequisite
to a deadly weapon finding.  Dominique v. State, 598 S.W.2d 285, 286
(Tex. Crim. App. 1980).  Either expert testimony or lay testimony may be
independently sufficient to support a deadly weapon finding.  Banargent v.
State, 228 S.W.3d 393, 399 (Tex. App.—Houston [14 Dist.] 2007, pet. ref’d)
(citing English v. State, 647 S.W.2d 667, 668–69 (Tex. Crim. App. 1983)
(en banc)).  It is not necessary for the weapon to be introduced into
evidence.  Id. (citing Morales v. State, 633 S.W.2d 866, 868 (Tex.
Crim. App. 1982)).

II.        Evidence of
“Capability”

Inmate Ricky Zackery testified that appellant “tried
to take my life” and “tried to kill me” with the shank by stabbing him below
the chest and in the shoulder during the prison fight.  Zackery testified that
he lost consciousness after the fight and was transported to the hospital in an
ambulance.  Zackery testified that he stayed in the hospital approximately two
days, and he was given pain medication for seven days after the incident.  

Inmate Adrian Richmond testified at trial that he saw
appellant stab Zackery and at least one other inmate with a shank during the
prison fight.  Richmond testified that Zackery was “covered in blood” after appellant
stabbed Zackery two times, and that “blood was everywhere.”  Inmate Fred Primes
also testified that he saw appellant holding a shank during the fight.  Primes
testified that although he did not see appellant stab anyone, other inmates
did.  Richmond and Investigator Rebecca Dougherty testified that weapons similar
to the shank appellant used in the prison fight were “capable of causing death
or serious bodily injury.”  

Richmond admitted that his trial testimony differed
from one of his initial statements to police, in that (1) he testified at trial
that appellant held two shanks during the fight, but stated at an earlier point
that appellant held one shank; and (2) one of his initial statements identified
a different inmate as the individual who stabbed Zackery.  Richmond testified
that “when the shanks came out . . . I mean it happened fast.”  Appellant
argues that this evidence, along with evidence that the wounds actually
inflicted by the shank were not serious, renders the other evidence supporting
the jury’s finding insufficient.

We conclude that viewed in the light most favorable
to the jury’s guilty verdict, the evidence sufficiently supports the jury’s
finding that the weapon used by appellant was deadly.  See Brooks, 2010
WL 3894613, at *8 (plurality opinion); id. at *15 (Cochran, J.,
concurring).

CONCLUSION

Because we overrule appellant’s only issue on appeal,
we affirm the judgment of the trial court.

 








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.  (Seymore, J., concurring).

Publish
— Tex. R. App. P. 47.2(b).