

NUMBER 13-14-00508-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DAVID VASQUEZ,                                                        Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

On appeal from the 117th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

A jury found appellant David Vasquez guilty of the offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03(a) (West, Westlaw through Chapter 46, 2015 R.S.). Vasquez now challenges the sufficiency of the evidence to support his conviction. We affirm.

# I. BACKGROUND

On the evening of November 8, 2011, Peggy Root left work at Fajitaville Restaurant in Corpus Christi, Texas. She testified that Vasquez attacked her with a knife in the parking lot and held a knife against her throat. Root fought back and temporarily gained control of the knife but she lost control of the knife after Vasquez beat her and broke her nose. Then Vazquez tried, and failed, to shove Root into her car. She told the jury that she was in actual fear for her life throughout the encounter. Root testified that Vasquez left the scene in Root's vehicle. She returned to the restaurant and sought help from her co-workers. Later, Root picked Vasquez out of a formal police line-up.

Diego Rivera, a Corpus Christi Police Department crime scene analyst, testified that he took swabs from a blood spot located in Root's vehicle. He explained that those blood samples matched Vasquez's DNA which meant that Vasquez's blood was in Root's vehicle. Rose Blanton, a Corpus Christi Police Department crime scene investigator, took photos of Root's hand injuries where Root claimed that she had grabbed Vasquez's knife.

Vasquez testified in his own defense. Vasquez told the jury that he only approached Root to ask for a cigarette. Vasquez admitted that he must have startled her and as a result, she grabbed his sweater and bit his finger. Vasquez testified that he defended himself by hitting her four or five times "pretty hard." Vasquez also testified that he stole Root's vehicle after their altercation. Vasquez emphasized during his testimony that he did not hold a knife to Root at any point. The police did not recover a knife from the crime scene. The State did not submit a knife into evidence.

On February 26, 2013, a jury found Vasquez guilty of aggravated robbery, and sentenced him to twenty-five years' imprisonment and no fine. This appeal ensued.

## II. SUFFICIENCY OF THE EVIDENCE

By his sole issue, Vasquez challenges the sufficiency of the evidence supporting his conviction for aggravated robbery; specifically, he argues that the evidence was insufficient to establish that he used a deadly weapon during his encounter with Root.

### A. Standard of Review

Under the *Jackson* standard of review, evidence sufficiently supports a conviction if the evidence permits a rational trier of fact to find each essential element of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Isassi v. State,* 330 S.W. 3d 633, 638 (Tex. Crim. App. 2010). We consider all the evidence in the light most favorable to the verdict in performing this review. *Jackson,* 443 U.S. at 319.

The testimony of a single eyewitness can support a conviction. *Aguilar v. State,* 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Specifically, the complainant's testimony alone is sufficient to support a finding that the defendant used or exhibited a deadly weapon. *See Padilla v. State,* 254 S.W.3d 585, 590 (Tex. App.—Eastland 2008, pet. ref'd) (holding that the complainant's testimony alone, if believed, is sufficient to support a conviction for aggravated assault with a deadly weapon); *Carter v. State,* 946 S.W.2d 507, 510–11 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (upholding a conviction for aggravated kidnapping on the ground that the complainant's testimony alone was sufficient evidence to show that defendant used or exhibited a firearm even though a gun was not recovered). The jury alone decides whether to believe the complainant's testimony, and the jury alone resolves any conflicts or inconsistencies in the evidence. *Mosley v. State,* 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).

The State must prove the elements of the offense as defined in hypothetically correct jury charge and as authorized by the indictment. *Gollihar v. State*, 46 S.W.3d 243, 256 (Tex. Crim. App. 2002). The indictment in this case alleged that "while in the course of committing theft of property and with intent to obtain or maintain control of said property," Vasquez "intentionally or knowingly threatened or placed Root in fear of imminent bodily injury or death," and Vasquez "did then and there use or exhibit a deadly weapon, to-wit: KNIFE." *See* TEX. PENAL CODE ANN. § 29.03.

**B. Applicable Law**

To prove robbery as authorized by the indictment, the State must establish that appellant: (1) was in the course of committing theft; (2) had intent to obtain or maintain control of the property; and (3) either intentionally, knowingly, or recklessly caused bodily injury to another; or intentionally or knowingly threatened or placed another in fear of imminent body injury or death. *Id.* § 29.02 (West, Westlaw through Chapter 46, 2015 R.S.). The Texas Penal Code defines "in the course of committing theft" as "conduct that occurs in an attempt to commit, during the commission of or in immediate flight after the commission of theft." *Id.* § 29.01(1) (West, Westlaw through Chapter 46, 2015 R.S.). In order to establish aggravated robbery in this case, the State must also prove that the defendant, while in the course of committing robbery, (1) caused serious bodily injury to another, or (2) used or exhibited a deadly weapon. *See id.* § 29.03. A deadly weapon includes "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See id.* § 1.07 (a)(17)(B) (West, Westlaw through Chapter 46, 2015 R.S.).

4

For purposes of the offense of aggravated robbery, a person "uses or exhibits a deadly weapon" if he employs the weapon in any manner that "facilitates the associated felony." *McCain v. State*, 22 S.W.3d 497, 502 (Tex. Crim. App. 2000) (quoting *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989)); *see also Plummer v. State*, 410 S.W.3d 855, 865 (Tex. Crim. App. 2013) (holding that the deadly weapon must, in some manner, help facilitate the commission of the felony). In *McCain*, the Texas Court of Criminal Appeals upheld a finding that the defendant used a knife during the commission of an aggravated robbery because the defendant used the knife in order to "instill in the complainant apprehension, reducing the likelihood of resistance during the encounter." *Plummer*, 410 S.W.3d at 860 (quoting *McCain*, 22 S.W.3d at 502).

Additionally, a knife is a deadly weapon if the person using it intends to use it in a way in which it could cause death or serious bodily injury. *Magana v. State*, 230 S.W.3d 411, 414 (Tex. App.—San Antonio 2007, pet. ref'd) (citing *Williams v. State,* 575 S.W.2d 30, 32 (Tex. Crim. App. 1979)). Evidence that the assailant held the knife to the victim's neck, accompanied by words threatening death or serious bodily injury is sufficient to show that the knife was a deadly weapon. *See Dominique v. State*, 598 S.W.2d 285, 286 (Tex. Crim. App. 1980) (reasoning that holding a sharp object to victim's neck accompanied by a threat to kill made the object a deadly weapon); *Magana*, 230 S.W.3d at 414 (holding that the defendant used a deadly weapon when he inflicted superficial wounds with a small knife accompanied by statements wishing that the victim would die); *Miller v. State*, 177 S.W.3d 1, 4–5 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that evidence was sufficient to show that the appellant used a knife as a deadly weapon

when the evidence showed that the appellant grabbed the victim by the neck and threatened to kill her with the knife).

### C. Analysis

We conclude that the State established the offense of robbery because Vasquez admitted to stealing Root's car and Root testified that Vasquez placed her in fear of imminent bodily injury or death. *See* TEX. PENAL CODE ANN. § 29.02. Vasquez was "in the course of committing theft" because he was attempting to commit a theft of Root's car. *See id.* § 29.01(1). The evidence was also sufficient to establish the offense of aggravated robbery because, according to Root, Vasquez exhibited and used a deadly weapon when he brandished the knife. A knife is capable of causing death or serious bodily injury if it punctures the skin. *See id.* § 1.07 (a)(17)(B).

Since Vasquez stole the vehicle immediately after assaulting Root, we may infer that Vasquez intended for the assault to facilitate the theft of the vehicle. *See Cooper,* 67 S.W.3d at 223. Root testified that Vasquez used a knife to facilitate his attempt to gain control of her and her car. *See McCain,* 22 S.W.3d at 502. Root testified that she felt the knife against her throat, and after struggling with Vasquez over the knife, she gained control over the knife temporarily. The testimony from Root, the complainant, was legally sufficient to uphold a conviction for aggravated assault even if the State submitted no other evidence indicating that Vasquez used a knife during the commission of the robbery. *See Carter,* 946 S.W.2d at 507. The State did have other evidence, however, including the photographs of knife wounds on Root's hands which were entered into evidence without objection.

We conclude that the knife was a deadly weapon because Vasquez held the knife to Root's throat and Root feared for her life.  *See Dominique*, 598 S.W.2d at 286. Additionally, the wounds to Root's hand show evidence of a knife with a cutting blade capable of puncturing the skin and inflicting serious injury or death if directed at the throat. Since Vasquez originally held the knife against Root's throat, this shows that the knife had the potential to cause death or serious injury.  Therefore, the evidence is sufficient to show that the knife was both a deadly weapon and present during the offense in order to convict Vasquez of the offense of aggravated robbery.  See TEX. PENAL CODE ANN. § 29.03.

### D.  Summary

Having concluded that the evidence is sufficient to support Vasquez's conviction, we overrule Vasquez's sole issue.

### IV. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.

7