**John Rogers SLATON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0212–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 7, 1985.

Stanley Schneider, Catherine Green Burnett, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, George Lambright, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

EVANS, Chief Justice.

A jury convicted the defendant of murder, and the trial court assessed his punishment at eight years confinement. We reverse the trial court's judgment and remand the cause for a new trial.

In the early morning hours of February 4, 1983, the Houston police were called to a downtown motor inn, where they found the body of a man who had fallen from the seventh floor balcony. At the scene, an eyewitness told the police that he was the next-door neighbor of the dying man and the appellant. The witness gave a statement to the police, indicating that the deceased had fallen accidentally from the balcony. At trial, the witness testified to the contrary, stating that the deceased had been pushed from the balcony by the appellant during an argument. The deceased and the appellant had lived together in a homosexual relationship for the past 14 years.

We consider the appellant's second ground of error to be dispositive of the appeal. In that ground, he contends that the trial court erred in refusing to charge the jury on his defensive theory of suicide. He argues that the trial court improperly overruled his objection to the court's charge. The objection stated:

COUNSEL: Third, Your Honor, we would object to the Court's charge for the failure of the Court to specifically charge the jury that if they find that John Slaton was attempting to prevent suicide or have a reasonable doubt as to whether or not he was preventing suicide or committing the offense of murder, they should render the verdict in the defendant's favor.

There was ample evidence to raise the issue of whether the decedent had caused his own death. Several witnesses testified that the decedent often talked of jumping out a window and of committing suicide. There was evidence that the deceased had attempted suicide previously by climbing on to the ledge outside a tenth floor window of the Pennzoil Building. The deceased had a severe drinking problem and was continually depressed about his mother's death, his inability to find work, his bad health, and his problems in interpersonal relationships. A psychologist testified that, in her expert opinion, the decedent was a very high suicide risk and

that under the circumstances presented by the evidence, there was a very high probability that the decedent had committed suicide.

The state concedes, on oral argument, that the evidence was sufficient to raise the defensive theory of suicide. However, the state contends that the trial court did not err in overruling the appellant's objection, because the objection did not direct the court's attention to the issue of suicide as being the cause of the complainant's death. We disagree with the state's position.

■ In a murder prosecution, a defendant is entitled to the affirmative submission of any defensive theory raised by the evidence, including defensive theories concerning the cause of death. *Hill v. State*, 585 S.W.2d 713 (Tex.Crim.App.1979). However, if the requested instruction merely denies the existence of an essential element of the offense charged, the trial court does not have to submit the issue affirmatively. *Green v. State*, 566 S.W.2d 578, 584 (Tex.Crim.App.1978).

In *Hill*, the requested charge instructed the jury that the defendant should be acquitted if there was a reasonable doubt that the complainant's death had been caused by "some natural bodily ailment or disease." In the case at bar, the appellant's objection asserted that the court's charge failed to specifically instruct that the appellant should be acquitted if the jury found that he "was attempting to prevent suicide" or if they had a reasonable doubt "as to whether or not he was preventing suicide or committing the offense of murder."

■ The appellant's objection sufficiently directed the trial court's attention to the defensive issue of suicide, i.e., the issue of the cause of the complainant's death. Even though the objection referred to the appellant's actions in "preventing suicide," rather than to the issue of suicide as causing the appellant's death, we find this semantic difference to be insignificant. The appellant was entitled to the affirmative submission of the defensive theory of sui-

cide as the cause of the complainant's death, and appellant's objection was clear enough to direct the court to the issue of causation. Thus, we hold that the trial court erred in overruling the appellant's objection, and we sustain the second ground of error.

In view of the disposition of the appellant's second ground of error, we do not find it necessary to consider appellant's first ground of error, in which he contends that the trial court erred in denying his challenge for cause to a prospective juror; his fourth ground of error, in which he contends that he was denied an opportunity to impeach the character of a state witness; or his fifth ground of error, in which he claims that the trial court erred in overruling his request for a mistrial because of the improper jury argument of the prosecutor. We will, however, consider his third ground of error in view of further proceedings in the case.

In his third ground of error, the appellant contends that the trial court erred in overruling his objection to the submission of a special issue that inquired whether "the defendant's hands in the manner they were used" constituted a deadly weapon, as defined by sections 1.07(a)(11)(B) and 1.07(a)(34) of the Texas Penal Code. In this ground of error, the appellant contends that because the allegation of a deadly weapon was not contained in the indictment, the trial court could not properly submit the issue to the jury.

The indictment alleged that the appellant caused the complainant's death "by intentionally and knowingly committing an act clearly dangerous to human life, namely, by pushing and shoving and throwing the complainant over a balcony, causing him to fall to the ground." The indictment did not allege that the appellant applied his hands in a manner of use or intended use that was capable of causing death. Tex.Penal Code Ann. sec. 1.07(a)(11)(B) (Vernon 1974).

■ A person's hands are not deadly weapons per se, and they "can become such only in the manner used depending upon the evidence shown." *Turner v. State*, 664

S.W.2d 86, 90 (Tex.Crim.App.1983). In *Turner,* a murder prosecution, the court found the evidence insufficient to support an affirmative finding that the defendant's fist and hands were deadly weapons as they were used in the commission of the offense.

In the case at bar, the appellant did not challenge the sufficiency of the evidence to support the trial court's finding. We, nevertheless, address the issue in the interest of justice to determine whether the finding is supported by sufficient evidence. *Howeth v. State,* 645 S.W.2d 787 (Tex.Crim. App.1983). An affirmative finding that the appellant used a deadly weapon during the commission of a felony offense makes him ineligible for probation from the court. Tex.Code Crim.Proc.Ann. art. 42.12 sec. 3f(a)(2) (Vernon 1979).

The eyewitness to the incident testified that he saw the appellant push the complainant over the rail and that the appellant used his hands in that action. There was, however, no testimony describing the appellant's hands or the manner of their use that would support the finding that they constituted a "deadly weapon" within the meaning of the statute. We hold that the evidence is insufficient to support the jury's finding of the use of a deadly weapon. The double jeopardy clause of the United States Constitution precludes the retrial of this issue. *See Burks v. United States,* 437 U.S. 1, 10–11, 98 S.Ct. 2141, 2146–2147, 57 L.Ed.2d 1 (1978). Since the state has failed to adequately prove the facts necessary to support the affirmative finding of a deadly weapon for purposes of the statute, it may not have a second opportunity to prove them at a new trial. *See Cooper v. State,* 631 S.W.2d 508, 513–14 (Tex.Crim.App. 1982). Because of this holding, we need not consider the appellant's contention that he was denied due process because of the state's failure to include an allegation in the indictment that the appellant's hands as used constituted a deadly weapon.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.