**Cunning Mitchell MORGAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. B14–88–488–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 15, 1989.

James Stafford, Houston, for appellant.
Katherine Haden, Houston, for appellee.

Before MURPHY, ROBERTSON and
SEARS, JJ.

## OPINION

MURPHY, Justice.

Cunning Mitchell Morgan appeals his conviction for felony theft of an automobile valued at more than $20,000. TEX.PENAL CODE ANN. § 31.03(e)(5) (Vernon 1989). The State notified appellant that it would seek a deadly weapon finding at the jury trial on punishment. The jury accepted appellant's guilty plea to the offense and his true plea to the aggravated robbery

conviction alleged as enhancement and sentenced him to thirty-five years confinement in the Texas Department of Corrections. Because the court's judgment reflects the jury's finding that appellant used the stolen automobile as a deadly weapon in the commission of the offense, Tex.Code Crim.Proc.Ann. arts. 42.12 § 3g(a)(2) & 42.-18 § 8(b)(1) (Vernon Supp.1989) proscribe probation and limit his parole. Appellant's three points of error challenge the sufficiency of the evidence to support the deadly weapon finding.

■ Challenges to the sufficiency of the evidence to support a conviction demand that we review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense case beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App. 1989) (en banc) (reaffirming *Jackson* standard of review). The essential element challenged here is whether appellant used the automobile in question as a deadly weapon.

Appellant's conviction arises out of his conduct on October 27, 1987, when he went to the Southpoint Porsche Dealership in Houston to meet the complainant, salesman David Klecka, and discuss the purchase of a 1987 911 Turbo Porsche listed at $63,000. Klecka allowed appellant to test drive the car. After Klecka drove the Porsche a short distance away from the dealership, he pulled into a restaurant parking lot on the Southwest Freeway feeder road to switch to the passenger seat so that appellant could drive. Klecka got out but appellant did not. As Klecka was walking around the car, appellant slid into the driver seat, revved the engine and started to drive away. Klecka tried to grab the passenger door to get inside but could not. He did manage to grasp the "spoiler" or "tail" portion of the car and held on as appellant drove forward. Klecka testified he thought doing so would make the appellant stop the car.

Appellant did not stop the car, however. He raced out of the parking lot and on to the feeder road. Once on the feeder road, he turned, made eye contact with Klecka, but then accelerated the car to a speed of between sixty and seventy m.p.h. After accelerating, appellant suddenly slammed on the brakes and stopped the car, but only for a few seconds. He then began driving the car backwards and forwards, while suddenly accelerating and quickly braking. A witness described appellant's actions as "floor[ing] it" and then "throw[ing] your brakes on pretty suddenly." Although appellant did this several times, Klecka still managed to hold on to the back of the spoiler. The Porsche left skid marks on the pavement.

Many cars were approaching and had to stop to avoid hitting the Porsche. Others followed out of concern for Klecka, but avoided getting too close out of fear of hitting him if he lost his grip. Suzy Deterling was one of the drivers who followed; she testified she was travelling at about 55 m.p.h. Deterling stated she was "really amazed" Klecka did not "fly off" the Porsche and that he was hanging on "for dear life" and kept yelling "[G]et help, get help." Another witness, Mahmoud Shagroni, testified that in his opinion, the driver was purposely maneuvering the Porsche to throw Klecka off the back of the car. Shagroni also testified he heard Klecka yelling for help and was surprised he did not fall.

Klecka's testimony shows he was extremely fearful he would fall to the pavement and be hurt by the impact or by another vehicle. He claimed he almost lost his grip as appellant accelerated the Porsche to a high rate of speed while driving around a curve in the road. Witnesses estimated the speed of the Porsche at that point at between sixty-five and eighty m.p.h. Appellant finally turned off the feeder road and drove down Somerville Street. Shagroni and Deterling both followed appellant down Somerville Street, where he finally stopped the Porsche. Shagroni parked in front of appellant and his companion called the police. Shagroni saw appellant get out of the Porsche, shout

at Klecka to get off the car and threaten to kill him. Shagroni heard appellant claim he had a gun. Appellant and Klecka started fighting, first inside the car, where appellant bit Klecka's wrist and drew blood, and then outside the car on the pavement as a crowd gathered. Police arrived within ten minutes.

Houston Police Officer Glenn Ebares testified as an expert witness at appellant's trial. Ebares received training in high performance driving at the Police Academy and had seen at least three persons fall from moving vehicles during his experience as a police officer. In describing three of these incidents, Ebares stated that all three persons died after hitting the pavement, although the speed of the vehicles from which they were thrown never exceeded forty-five m.p.h. After the prosecutor described actions by a driver as reflected by this case, Ebares testified the driver could easily have caused the death of a person riding on the back of the car.

■ We first address the second point of error where appellant questions the sufficiency of the evidence to support a deadly weapon finding on the grounds that the State failed to show that he used the Porsche "to threaten or place the complainant in fear of imminent bodily injury or death." That definition of a deadly weapon applies when the State is attempting to prove that allegation or an aggravated assault. *See* TEX.PENAL CODE ANN. §§ 22.-01(a)(2) & 22.02(a)(2) (Vernon 1989); *Martinez v. State,* 754 S.W.2d 831, 833 (Tex. App.—Houston [1st Dist.] 1988, no pet. reported.) This is not an aggravated assault case and the State did not charge appellant with threatening or placing Klecka in fear of imminent bodily injury or death. The State was therefore not required to meet that degree of proof. We overrule the second point of error.

Appellant's first and third points of error question the sufficiency of the evidence to support the trial court's submitting the deadly weapon issue to the jury and the jury's finding that appellant used the Porsche as a deadly weapon during the commission of the felony theft of that automobile.

■ We first note that all felonies are susceptible of an affirmative deadly weapon finding for purposes of denial of probation and limitation of parole eligibility pursuant to Articles 42.12 § 3g(a)(2) and 42.18 § 8(b)(1) of the Code of Criminal Procedure. *Patterson v. State,* 769 S.W.2d 938, 940 (Tex.Crim.App.1989) (en banc), *aff'g and remanding on other grounds,* 723 S.W.2d 308 (Tex.App.—Austin 1987). When the proof at trial shows that the defendant used or exhibited a deadly weapon as defined in TEX.PENAL CODE ANN. § 1.07(a)(11)(A) & (B) (Vernon 1974) during commission of the offense or immediate flight from the offense, Article 42.12 § 3g(a)(2) precludes probation and authorizes a trial court to enter an affirmative finding in the judgment.

■ This case does not involve "exhibition" of a deadly weapon, "flight," or anything "designed, made, ... adapted," or "intended," to inflict or cause death or serious bodily injury. It is also undisputed that an automobile is not a deadly weapon per se and that Klecka was not seriously injured during the commission of the felony theft. Consequently, Section 1.07(a)(11)(B) required the State to show beyond a reasonable doubt that appellant's "manner of use" of the stolen automobile was such that it was "capable of causing death or serious bodily injury." *See Parrish v. State,* 647 S.W.2d 8, 11 (Tex.App.—Houston [14th Dist.] 1982, no pet.). In *Parrish,* which involved a similar challenge to the sufficiency of the evidence to show use of an automobile as a deadly weapon, we also noted that the State was not required to show injury to the complainant or provide expert testimony in order to meet its burden under Section 1.07. *Parrish,* 647 S.W.2d at 11, citing *Denham v. State,* 574 S.W.2d 129, 130–31 (Tex.Crim.App.1978) (en banc).

■ The record shows several instances of speeds in excess of fifty-five m.p.h. and sudden braking followed by rapid accelerating. Klecka testified he almost lost his grip on the Porsche as appellant sped

around the curve and Shagroni stated he was surprised Klecka did not fall off at that point. The testimony of Shagroni and Deterling estimates appellant's speed going around the curve at between sixty-five and eighty m.p.h. Officer Ebares established he witnessed three other incidents resulting in the death of persons who fell from vehicles travelling at speeds which never exceeded forty-five m.p.h. The jury also saw photographs of the stolen vehicle and a drawing showing the curve in the road. This was sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that appellant used the Porsche so that it was capable of causing death or serious bodily injury. We therefore conclude the evidence is amply sufficient to support the trial court's submitting the deadly weapon issue to the jury as well as the jury's affirmative finding. We overrule the first and third points of error.

We affirm the judgment of the trial court.