

**NUMBER 13-06-586-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RANDY ANTONIO VASQUEZ,                                              Appellant,

v.

THE STATE OF TEXAS,                                                 Appellee.

On appeal from the 377th District Court of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Randy Antonio Vasquez, was convicted of aggravated assault on a public servant with a finding of a deadly weapon. TEX. PENAL CODE ANN. § 22.02(b)(2) (Vernon Supp. 2007). The trial court imposed a sentence of thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Vasquez concedes that he assaulted a public servant, but he disputes that he used a "deadly weapon" during the assault. On appeal, Vasquez raises four issues that may properly be categorized as two:

(1) whether the evidence that a deadly weapon was used was legally and factually sufficient, and (2) whether the State was required to prove that both Vasquez's vehicle and his hand were independently used as deadly weapons when the jury charge listed them conjunctively. We hold that the evidence presented at trial was both legally and factually sufficient to support a finding of a deadly weapon and that the State proved that both Vasquez's hand and his vehicle constituted deadly weapons in this case. Accordingly, we affirm the judgment of the district court.

## I. BACKGROUND

On December 17, 2005, State Trooper Miranda Meadows pulled Vasquez over for driving seventy-one in a sixty-five miles-per-hour zone. Trooper Meadows had Vasquez exit his Ford Expedition and meet her at the rear of the vehicle. As Trooper Meadows walked to the front of the vehicle to inspect the tags, she smelled marihuana emitting from the Expedition. She then called her partner for backup to search Vasquez's vehicle. Trooper Meadows noticed Vasquez was becoming increasingly nervous and decided to search him. The search yielded a bag of marihuana in Vasquez's pocket.

Trooper Meadows attempted to arrest Vasquez, but as she was handcuffing him, he turned and entered the vehicle. Trooper Meadows followed Vasquez and was standing on the running board of the Expedition. She tried to pull him out of the vehicle with one hand and grabbed the steering wheel with the other. Vasquez struck Trooper Meadows several times in the chest and face with his hand as he tried to put his Expedition into drive. Vasquez managed to put the vehicle in gear and accelerated as he shoved Trooper Meadows off the running board and onto the roadway. Trooper Meadows suffered a fracture to her left tibia from the fall.

At trial, a video of the entire incident was shown to the jury. Additionally, jurors heard testimony from Trooper Meadows and her partner, Trooper Frank Casillas, who arrived on the scene in time to see the incident. Dr. Harvey Regner, who treated Trooper Meadows for her injuries, testified at trial that he considered her to have a "serious bodily injury." Vasquez was found guilty of aggravated assault with a deadly weapon on a public servant, and he now appeals.

## II. STANDARD OF REVIEW

A court reviewing evidence for legal sufficiency must examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact "could have found the essential elements of the offense beyond a reasonable doubt." *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996) (citing *Jackson v. Virginia,* 443 U.S. 307, 318 (1979)). The jury, as the sole judge of the credibility of the witness, is free to believe or disbelieve all or part of the witness's testimony. *Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App.1998). The court on appeal does not engage in a second evaluation of the weight and credibility of the evidence, but only ensures that the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); *Swartz v. State,* 61 S.W.3d 781, 785 (Tex. App.–Corpus Christi 2001, pet. ref'd).

When conducting a factual sufficiency review, the evidence is viewed in a neutral light. *Zuliani v. State,* 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). The verdict is only to be set aside if (1) it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust; or (2) is against the greater weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 414-15 (Tex. Crim. App. 2006) (*citing Johnson v. State,* 23 S.W.3d 1, 10 (Tex. Crim. App. 2000)).

3

### III. DEADLY WEAPON DEFINED

A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon Supp. 2007). Further, "'capability' must be evaluated in light of what did happen rather than the conjecture about what *might* have happened if the facts had been different than they were." *Williams v. State*, 946 S.W.2d 432, 435 (Tex. App.–Fort Worth 1997), *rev'd in part on other grounds*, 970 S.W.2d 566 (Tex. Crim. App. 1998). The nature of the injury is to be considered, but injury is not required for an object to be a deadly weapon. *Dominique v. State*, 598 S.W.2d 285, 286 (Tex. Crim. App. 1980). Instead, the most important factor is the manner of use. *Id.* (finding scissors to be a deadly weapon)*; Quintana v. State,* 777 S.W.2d 474, 478 (Tex. App.–Corpus Christi 1989, pet. ref'd) (finding a dustpan to be a deadly weapon).

### IV. ANALYSIS

Vasquez contends that the vehicle did not put Meadows at risk of death or serious injury and that the State's evidence in this regard was merely speculative. A motor vehicle is not a deadly weapon per se, but it can become one if the manner of its use is capable of causing death or serious bodily injury. *Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995) (holding pickup truck was a deadly weapon when the defendant was too intoxicated to control the vehicle and killed a man); *Green v. State*, 831 S.W.2d 89, 93 (Tex. App.–Corpus Christi 1992, no pet.) (holding that vehicle was a deadly weapon when the defendant accelerated it towards the victim in a threatening manner). Vasquez argues that Trooper Meadows was not at risk of death or serious injury because the vehicle was never driving in her direction, she was not dragged or put in jeopardy of being struck by

4

other vehicles, and she fell from only a couple of feet off the ground. We disagree.

The record shows that Trooper Meadows was standing on the running board of the accelerating vehicle and pushed off onto the road. Further, Meadows did in fact suffer a fracture of her left tibia from her fall. Other Texas courts have also found that a deadly weapon has been used under similar circumstances. In *Nevarez v. State*, the El Paso Court held that the evidence was sufficient to support a deadly weapon finding when the defendant knew that the victim was hanging onto the window on the side of the van and accelerated rapidly in an effort to drive away, causing the victim to loose his grip. *Nevarez v. State*, 847 S.W.2d 637, 644 (Tex. App.–El Paso 1993, pet ref'd). The victim fell back and died as a result of a blow to his head. *Id.* at 640. *Id.*; *see Morgan v. State*, 775 S.W.2d 403, 406-07 (Tex. App.–Houston [14th Dist.] 1989, no writ) (finding a vehicle was used as a deadly weapon when the victim hung on the back of the car as the defendant attempted to throw him off by alternating speeds); *see also Hunter v. State*, Nos, 05-98-00301-CR, 05-98-00302-CR, 1999 WL 225862, at *3 (Tex. App.–Dallas 1999, no pet h.) (not designated for publication) (finding a car was used as a deadly weapon when the defendant drove away with the victim hanging off of the vehicle, and although he was not severely injured, he could have been). The courts' rulings suggest that a person is at risk of death or serious bodily injury when hanging onto a moving vehicle.

Vasquez also argues that the vehicle was not "capable of causing death or serious bodily injury" under *Williams*. 946 S.W.2d at 435-36. In *Williams*, the court found that a truck driven by an intoxicated driver did not constitute a deadly weapon because no other motorists were present and placed in danger of serious bodily injury or death. *Id.* The

present case is distinguishable because the vehicle placed Trooper Meadows at obvious risk of death or serious injury as she was pushed off the moving Expedition. See *Nevarez v. State*, 847 S.W.2d at 644.

Next, Vasquez contends that the evidence did not establish that his hands placed Trooper Meadows at risk of death or serious injury under *Slaton v. State*, 685 S.W.2d 773, 776 (Tex. App.–Houston [1st Dist.] 1985, pet. ref'd). In *Slaton*, the defendant was found guilty of pushing a man off a balcony and killing him. *Id.* at 774. The Houston Court of Appeals reversed his conviction because there was "no testimony describing the appellant's hands or the manner of their use that would support the finding that they constituted a 'deadly weapon.'" *Id.* at 776. The implication of the court's ruling is that a hand is not a deadly weapon per se, but may become one if it is used in a manner capable of causing death or serious injury. *Id.; Turner v. State*, 664 S.W.2d 86, 90 (Tex. Crim. App. [Panel Op.] 1983) (finding defendant used his hands as deadly weapons to choke the victim); *Cooper v. State*, 773 S.W.2d 749, 750 (Tex. App.–Corpus Christi 1989, no writ.) (finding defendant used hands as a deadly weapon by dropping an infant on his head).

In the present case, Trooper Meadows testified to being struck several times in the chest and face as Vasquez was trying to push her off the accelerating vehicle. A jury could reasonably believe Vasquez used his hands in a manner that constituted a deadly weapon.

We likewise reject Vasquez's challenge to the factual sufficiency of the evidence supporting the deadly weapon finding. The record shows that Trooper Meadows's testimony recounted how she was on the running board of the Expedition while Vasquez struck her several times in an attempt to push her off the vehicle. Her partner, Trooper Casillas, also testified to seeing Trooper Meadows thrown from the vehicle, and her

treating doctor testified that the fracture she suffered was a serious injury. Finally, the jury viewed a video that showed Trooper Meadows being pushed off the vehicle. Based on the accumulated evidence—the eyewitness testimony and the video—the jury's finding of a deadly weapon hardly appears to be so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust, rendering the verdict factually insufficient. We overrule Vasquez's first issue.

By his second issue, Vasquez argues that the charge required the state to prove both his hand and the vehicle were deadly weapon. Because we hold that both the vehicle and Vasquez's hand constituted deadly weapons, we overrule Vasquez's second issue.

### V. CONCLUSION

We find that the evidence presented at trial was both legally and factually sufficient to support the finding that a deadly weapon was used during the commission of an assault on a public servant. The state also proved both Vasquez's hand and his vehicle were deadly weapons. The judgment of the district court is AFFIRMED.

GINA M. BENAVIDES,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 26th day of June, 2008.

7