NUMBER 13-06-586-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RANDY ANTONIO VASQUEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 377th District Court of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides


 Appellant, Randy Antonio Vasquez, was convicted of aggravated assault on a public
servant with a finding of a deadly weapon. Tex. Penal Code Ann. § 22.02(b)(2) (Vernon
Supp. 2007). The trial court imposed a sentence of thirty years' confinement in the
Institutional Division of the Texas Department of Criminal Justice. Vasquez concedes that
he assaulted a public servant, but he disputes that he used a "deadly weapon" during the
assault. On appeal, Vasquez raises four issues that may properly be categorized as two:
(1) whether the evidence that a deadly weapon was used was legally and factually
sufficient, and (2) whether the State was required to prove that both Vasquez's vehicle and
his hand were independently used as deadly weapons when the jury charge listed them
conjunctively. We hold that the evidence presented at trial was both legally and factually
sufficient to support a finding of a deadly weapon and that the State proved that both
Vasquez's hand and his vehicle constituted deadly weapons in this case. Accordingly, we
affirm the judgment of the district court.

I. Background

 On December 17, 2005, State Trooper Miranda Meadows pulled Vasquez over for
driving seventy-one in a sixty-five miles-per-hour zone. Trooper Meadows had Vasquez
exit his Ford Expedition and meet her at the rear of the vehicle. As Trooper Meadows
walked to the front of the vehicle to inspect the tags, she smelled marihuana emitting from
the Expedition. She then called her partner for backup to search Vasquez's vehicle. 
Trooper Meadows noticed Vasquez was becoming increasingly nervous and decided to
search him. The search yielded a bag of marihuana in Vasquez's pocket. 

 Trooper Meadows attempted to arrest Vasquez, but as she was handcuffing him,
he turned and entered the vehicle. Trooper Meadows followed Vasquez and was standing
on the running board of the Expedition. She tried to pull him out of the vehicle with one
hand and grabbed the steering wheel with the other. Vasquez struck Trooper Meadows
several times in the chest and face with his hand as he tried to put his Expedition into drive. 
Vasquez managed to put the vehicle in gear and accelerated as he shoved Trooper
Meadows off the running board and onto the roadway. Trooper Meadows suffered a
fracture to her left tibia from the fall.

 At trial, a video of the entire incident was shown to the jury. Additionally, jurors
heard testimony from Trooper Meadows and her partner, Trooper Frank Casillas, who
arrived on the scene in time to see the incident. Dr. Harvey Regner, who treated Trooper
Meadows for her injuries, testified at trial that he considered her to have a "serious bodily
injury." Vasquez was found guilty of aggravated assault with a deadly weapon on a public
servant, and he now appeals.

II. Standard of Review

 A court reviewing evidence for legal sufficiency must examine the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact "could have
found the essential elements of the offense beyond a reasonable doubt." Williams v.
State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996) (citing Jackson v. Virginia, 443 U.S.
307, 318 (1979)). The jury, as the sole judge of the credibility of the witness, is free to
believe or disbelieve all or part of the witness's testimony. Jones v. State, 984 S.W.2d 254,
258 (Tex. Crim. App.1998). The court on appeal does not engage in a second evaluation
of the weight and credibility of the evidence, but only ensures that the jury reached a
rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); Swartz v.
State, 61 S.W.3d 781, 785 (Tex. App.-Corpus Christi 2001, pet. ref'd).

 When conducting a factual sufficiency review, the evidence is viewed in a neutral
light. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). The verdict is only to
be set aside if (1) it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust; or (2) is against the greater weight and preponderance of the
evidence. Watson v. State, 204 S.W.3d 414-15 (Tex. Crim. App. 2006) (citing Johnson v.
State, 23 S.W.3d 1, 10 (Tex. Crim. App. 2000)).

III. Deadly Weapon Defined

 A deadly weapon is "anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(B)
(Vernon Supp. 2007). Further, "'capability' must be evaluated in light of what did happen
rather than the conjecture about what might have happened if the facts had been different
than they were." Williams v. State, 946 S.W.2d 432, 435 (Tex. App.-Fort Worth 1997),
rev'd in part on other grounds, 970 S.W.2d 566 (Tex. Crim. App. 1998). The nature of the
injury is to be considered, but injury is not required for an object to be a deadly weapon. 
Dominique v. State, 598 S.W.2d 285, 286 (Tex. Crim. App. 1980). Instead, the most
important factor is the manner of use. Id. (finding scissors to be a deadly weapon);
Quintana v. State, 777 S.W.2d 474, 478 (Tex. App.-Corpus Christi 1989, pet. ref'd)
(finding a dustpan to be a deadly weapon). 

IV. Analysis

 Vasquez contends that the vehicle did not put Meadows at risk of death or serious
injury and that the State's evidence in this regard was merely speculative. A motor vehicle
is not a deadly weapon per se, but it can become one if the manner of its use is capable
of causing death or serious bodily injury. Tyra v. State, 897 S.W.2d 796, 798 (Tex. Crim.
App. 1995) (holding pickup truck was a deadly weapon when the defendant was too
intoxicated to control the vehicle and killed a man); Green v. State, 831 S.W.2d 89, 93
(Tex. App.-Corpus Christi 1992, no pet.) (holding that vehicle was a deadly weapon when
the defendant accelerated it towards the victim in a threatening manner). Vasquez argues
that Trooper Meadows was not at risk of death or serious injury because the vehicle was
never driving in her direction, she was not dragged or put in jeopardy of being struck by
other vehicles, and she fell from only a couple of feet off the ground. We disagree. 

 The record shows that Trooper Meadows was standing on the running board of the
accelerating vehicle and pushed off onto the road. Further, Meadows did in fact suffer a
fracture of her left tibia from her fall. Other Texas courts have also found that a deadly
weapon has been used under similar circumstances. In Nevarez v. State, the El Paso
Court held that the evidence was sufficient to support a deadly weapon finding when the
defendant knew that the victim was hanging onto the window on the side of the van and
accelerated rapidly in an effort to drive away, causing the victim to loose his grip. Nevarez
v. State, 847 S.W.2d 637, 644 (Tex. App.-El Paso 1993, pet ref'd). The victim fell back
and died as a result of a blow to his head. Id. at 640. Id.; see Morgan v. State, 775
S.W.2d 403, 406-07 (Tex. App.-Houston [14th Dist.] 1989, no writ) (finding a vehicle was
used as a deadly weapon when the victim hung on the back of the car as the defendant
attempted to throw him off by alternating speeds); see also Hunter v. State, Nos, 05-98-00301-CR, 05-98-00302-CR, 1999 WL 225862, at *3 (Tex. App.-Dallas 1999, no pet h.)
(not designated for publication) (finding a car was used as a deadly weapon when the
defendant drove away with the victim hanging off of the vehicle, and although he was not
severely injured, he could have been). The courts' rulings suggest that a person is at risk
of death or serious bodily injury when hanging onto a moving vehicle. 

 Vasquez also argues that the vehicle was not "capable of causing death or serious
bodily injury" under Williams. 946 S.W.2d at 435-36. In Williams, the court found that a
truck driven by an intoxicated driver did not constitute a deadly weapon because no other
motorists were present and placed in danger of serious bodily injury or death. Id. The
present case is distinguishable because the vehicle placed Trooper Meadows at obvious
risk of death or serious injury as she was pushed off the moving Expedition. See Nevarez
v. State, 847 S.W.2d at 644. 

 Next, Vasquez contends that the evidence did not establish that his hands placed
Trooper Meadows at risk of death or serious injury under Slaton v. State, 685 S.W.2d 773,
776 (Tex. App.-Houston [1st Dist.] 1985, pet. ref'd). In Slaton, the defendant was found
guilty of pushing a man off a balcony and killing him. Id. at 774. The Houston Court of
Appeals reversed his conviction because there was "no testimony describing the
appellant's hands or the manner of their use that would support the finding that they
constituted a 'deadly weapon.'" Id. at 776. The implication of the court's ruling is that a
hand is not a deadly weapon per se, but may become one if it is used in a manner capable
of causing death or serious injury. Id.; Turner v. State, 664 S.W.2d 86, 90 (Tex. Crim. App.
[Panel Op.] 1983) (finding defendant used his hands as deadly weapons to choke the
victim); Cooper v. State, 773 S.W.2d 749, 750 (Tex. App.-Corpus Christi 1989, no writ.)
(finding defendant used hands as a deadly weapon by dropping an infant on his head). 

 In the present case, Trooper Meadows testified to being struck several times in the
chest and face as Vasquez was trying to push her off the accelerating vehicle. A jury could
reasonably believe Vasquez used his hands in a manner that constituted a deadly weapon.

 We likewise reject Vasquez's challenge to the factual sufficiency of the evidence
supporting the deadly weapon finding. The record shows that Trooper Meadows's
testimony recounted how she was on the running board of the Expedition while Vasquez
struck her several times in an attempt to push her off the vehicle. Her partner, Trooper
Casillas, also testified to seeing Trooper Meadows thrown from the vehicle, and her
treating doctor testified that the fracture she suffered was a serious injury. Finally, the jury
viewed a video that showed Trooper Meadows being pushed off the vehicle. Based on the
accumulated evidence--the eyewitness testimony and the video--the jury's finding of a
deadly weapon hardly appears to be so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust, rendering the verdict factually insufficient. We
overrule Vasquez's first issue.

 By his second issue, Vasquez argues that the charge required the state to prove
both his hand and the vehicle were deadly weapon. Because we hold that both the vehicle
and Vasquez's hand constituted deadly weapons, we overrule Vasquez's second issue. 

V. Conclusion

 We find that the evidence presented at trial was both legally and factually sufficient
to support the finding that a deadly weapon was used during the commission of an assault
on a public servant. The state also proved both Vasquez's hand and his vehicle were
deadly weapons. The judgment of the district court is AFFIRMED.


 

 

 GINA M. BENAVIDES,

 Justice


Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this the 26th day of June, 2008.