

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00109-CR

---

CARLOS ROMEO CRAIG, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 22F0161-102-A

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Carlos Romeo Craig appeals his conviction for aggravated assault upon a person with whom Craig had a family, household, or dating relationship.[1]  Craig argues that the evidence did not support the jury's conclusion that he used or exhibited a motor vehicle as a deadly weapon in the course of assaulting his girlfriend.  Upon review of the record and applicable law, we find that the evidence supports the jury's verdict.  We note an error in the trial court's judgment, though, and will modify that judgment.  As modified, we affirm the trial court's judgment.

## I.      Background Facts

In the early morning hours of July 11, 2020, Craig and his girlfriend, Shirley,[2] resumed an argument they had had a few hours earlier.  Shirley was driving her car with Craig in the passenger seat, and Craig began punching Shirley over and over.  Shirley stopped the car and got out.  Craig pursued her, resumed beating her, then "chunk[ed]" her into the passenger compartment of the car.  Craig then drove the car while continuing to punch Shirley, and he threatened to kill her.  Shirley was able to open the passenger door.  She tried to "roll out of the car" but was caught by one of the tires and was dragged down the road.  Craig accelerated, "mashing the gas and going even faster," according to Shirley.  She said Craig accelerated while she "was being hung out of the car.  Like the minute [she] open[ed] up the door and [her] body

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.).  The indictment alleged that Craig caused bodily injury to Shirley, someone with whom he had a dating or family relationship, and that he used or exhibited a deadly weapon, a motor vehicle, in the commission of the assault.

[2]The complainant, Craig's girlfriend, requested the use of a pseudonym during the prosecution and trial.  We use that pseudonym in this opinion.  *See* TEX. CODE CRIM. PROC. ANN. art. 58.202 (Supp.).

[wa]s outside of the car he mashed the gas." Her foot was caught by the tire, then she fell away from the car to the ground.

Shirley suffered a fracture in her foot. At trial, the State introduced a photo of her injury. It shows Shirley's leg from the knee down. The photo is a little blurry, but it shows a significant avulsion with several layers of tissue falling away from the wound, which roughly extends from her instep to her heel. Above that wound is a large abrasion, extending beyond her ankle. Then at the top of that abrasion is another deep laceration or avulsion revealing more bloody tissue. At the back of her big toe, on the inside of her foot, is another tear or avulsion, perhaps the size of a dime or nickel. Officer Clint Akin saw Shirley in the hospital after Craig dragged her down the road. He described her foot as "mangled." He testified, "To this day I have not forgotten what that foot looked like, it was - - it was bad. It was a really nasty injury."

More than two years after the event, Shirley said she had pain and sometimes swelling in her foot whenever the weather was cold or rainy. She continued to have "issues with [her] foot, [her] leg, and [her] back" since the incident.[3]

Texarkana Police Officer Clint Akin found the car abandoned and still running in the neighborhood where Shirley was found. He testified that there were "definite signs of a very violent struggle . . . all over the vehicle," including blood spots and "what looked to be flesh . . . a chunk of something" in one of the wheel wells. There was blood spatter on one of the rear fenders and wheels. Officer Jarod Dean also described seeing "what looked like tissue between the tire and the wheel well, on the wheel well itself."

---

[3]She also suffered intermittent headaches that she attributed to Craig's repeated punching. She suffered a broken nose, but there was no testimony whether that was from the punching or being dragged down the road by the car.

3

## II.     Vehicle as a Deadly Weapon

### A.     Standard of Review

In his sole point of error, Craig claims that the evidence does not prove he used or exhibited a motor vehicle as a deadly weapon. We do not agree.

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

"[A] motor vehicle is not a deadly weapon *per se*." *Couthern v. State*, 571 S.W.3d 786, 789 (Tex. Crim. App. 2019). "A motor vehicle may be a deadly weapon where 'the vehicle was intentionally, recklessly or negligently used as a weapon by the accused.'" *Nguyen v. State*, 506 S.W.3d 69, 76 (Tex. App.—Texarkana 2016, pet. ref'd) (quoting *English v. State*, 828 S.W.2d 33, 38 (Tex. App.—Tyler 1991, pet. ref'd)). "A motor vehicle, in the manner of its use or intended use, is clearly capable of causing death or serious bodily injury and therefore can be a deadly weapon." *Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992) (per curiam)

4

(orig. proceeding). *In Dotson v. State*, 146 S.W.3d 285, 300 (Tex. App.—Fort Worth 2004, pet. ref'd), the defendant drove and swerved his recreational vehicle toward the victim, struck her, and killed her. This supported a finding that the vehicle was used as a deadly weapon. *Id.* It is not required that someone be "actually seriously hurt" by the use of the vehicle. *Moore v. State*, 520 S.W.3d 906, 913 (Tex. Crim. App. 2017). It is sufficient that the evidence showed someone was "actually, not simply hypothetically, endangered." *Drichas v. State*, 175 S.W.3d 795, 797 (Tex. Crim. App. 2005); *see Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003). "A deadly-weapon finding is justified if a rational jury could have concluded that the defendant's vehicle posed an actual danger of death or serious bodily injury." *Nguyen v. State*, 506 S.W.3d 69, 76 (Tex. App.—Texarkana 2016, pet. ref'd) (citing *Sierra v. State*, 280 S.W.3d 250, 254, 256–57 (Tex. Crim. App. 2009)).

## III.     Analysis

In *Nguyen*, the defendant tried to race a motorcycle driver, followed very closely behind that driver, and passed then pulled in front of the motorcycle driver and "jammed on the brakes," forcing the motorcycle to crash. *Id.* In finding that the evidence supported the jury's finding that Nguyen used his vehicle as a deadly weapon, we considered the evidence of Nguyen's driving and the injuries sustained by a victim. *Id.* at 77.

In *Morgan v. State*, 775 S.W.2d 403 (Tex. App.—Houston [14th Dist.] 1989, no pet.), the defendant was test-driving a Porsche and tried to leave the car salesman behind. *Id.* at 405. The salesman grabbed the back of the car and held on as Morgan "raced out of the parking lot and on to the feeder road." *Id.* Morgan drove at high speeds and then suddenly braked several times,

trying to force the salesman off the car. *Id.* The reviewing court found the evidence sufficient to prove that Morgan "used the Porsche so that it was capable of causing death or serious bodily injury." *Id.* at 407.

Here, the evidence showed that Shirley tried to get out of the car because Craig continued punching her in her face. Shirley was able to extricate herself from the moving vehicle, only to be caught, then run over, by one of the tires. While she was in that precarious position, Craig accelerated the car, putting her in further danger. She suffered a broken bone in her foot, and two years after the incident, she continued to have recurring pain in that foot. The jury saw a gruesome photograph of damage done to her foot. The car had blood on the exterior and some of what likely was Shirley's flesh in the wheel well. Two law enforcement officers described Shirley's foot as "mangled." The evidence is sufficient to support the jury's finding that Craig used or exhibited the car as a deadly weapon.[4]

We overrule Craig's point of error.

## IV. Modification of Judgment

Although not directly raised by the parties, we observe that the judgment states Craig was convicted of a first-degree felony. This is not correct. The indictment alleged that Craig caused

---

[4]Craig directs us to *Vasquez v. State*, No. 13-06-00586-CR (Tex. App.—Corpus Christi June 26, 2008, no pet.) (mem. op., not designated for publication), https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID= c72d1b10-9871-4ba6-9933-c20c58291b52&coa=coa13&DT=Opinion&MediaID=8a9f1c58-cc9c-46cb-b64f-6be94f 76ca83 (last visited May 22, 2023). There, a trooper stopped Vasquez's vehicle for speeding. In the course of the traffic stop, Vasquez got back in his vehicle and fled. The trooper stood on the running board of Vasquez's vehicle and grabbed the steering wheel. *Id.* at 2. Vasquez punched the trooper several times, accelerated, and shoved the trooper off the running board and to the ground. The court of appeals upheld the jury's finding that Vasquez used the vehicle as a deadly weapon. *Id.* at 6–7. Craig argues that, because there is no evidence he pushed Shirley off the moving vehicle, he did not use the car as a deadly weapon. As explained above, use or exhibition of a vehicle as a deadly weapon is a case-specific decision. The circumstances in this case support a finding that Craig used the vehicle as a deadly weapon.

bodily injury to Shirley while using or exhibiting a motor vehicle as a deadly weapon. That is a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (Supp.).[5] The State did prove a prior felony conviction that increased the punishment range to that of a first-degree felony,[6] but that did not change the degree level of the offense for which Craig was convicted. *See Ford v. State*, 334 S.W.3d 230, 234–35 (Tex. Crim. App. 2011); *Bledsoe v. State*, 480 S.W.3d 638, 642 n.11 (Tex. App.—Texarkana 2015, pet. ref'd).

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

---

[5]Had the indictment alleged that Craig caused serious bodily injury to Shirley, the family/dating relationship between the two (which Craig does not challenge and the jury affirmatively found) would have made the offense a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(b)(1).

[6]*See* TEX. PENAL CODE ANN. § 12.42(b). Craig was sentenced to life imprisonment.

We, therefore, modify the trial court's judgment to recite that Craig was convicted of aggravated assault with a deadly weapon under Section 22.02(a)(2) of the Texas Penal Code, a second-degree felony. We affirm the trial court's judgment, as modified.


Jeff Rambin
Justice

Date Submitted:     April 4, 2023
Date Decided:       June 6, 2023

Do Not Publish